UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 21-4051 FMO (AFMx) | Date | June 4, 2021 |
|---|---|---|---|
| Title | Bonnie Summer v. Meridian Senior Living, LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s): Attorney Present for Defendant(s):
None Present None Present

**Proceedings:** (In Chambers) Order Remanding Action

On March 15, 2021, plaintiff Bonnie Summer ("plaintiff") filed a Complaint in the Ventura County Superior Court against Meridian Senior Living, LLC ("Meridian") and Kenneth Kieswetter ("Kieswetter") (collectively, "defendants"), asserting claims related to her employment. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1); (Dkt. 1-1, Complaint). On May 14, 2021, defendants removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332(a) and (d)(2). (See Dkt. 1, NOR at ¶ 10). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014). Here, plaintiff does not assert class allegations. (See, generally, Dkt. 1-1, Complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | CV 21-4051 FMO (AFMx) | Date | June 4, 2021 |
|---|---|---|---|
| Title | Bonnie Summer v. Meridian Senior Living, LLC, et al. | | |

may remand an action where the court finds that it lacks subject matter jurisdiction "either by motion or sua sponte").

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2] Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant") (footnote omitted), and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332(a).[3] Here, there is no basis for diversity jurisdiction because complete diversity does not exist between the opposing parties.

Plaintiff appears to be a citizen of California. (See Dkt. 1, NOR at ¶ 11). Defendants contend that Meridian is a citizen of the State of North Carolina and Maryland (see id. at ¶ 12) and that Kieswetter is a citizen of California (See id. at ¶ 13). Defendants contend that Kieswetter's citizenship should be ignored because he is a sham defendant. (See id.).

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the [non-diverse] defendant is obvious according to the applicable state law."). A defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact

---

[2] Removing defendants seek only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

[3] In relevant part, 28 U.S.C. § 1332(a) provides that a district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. §§ 1332(a)(1)-(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | | JS - 6 |
| Case No. | CV 21-4051 FMO (AFMx) | | Date | **June 4, 2021** |
| Title | Bonnie Summer v. Meridian Senior Living, LLC, et al. | | | |

all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff <u>could</u> <u>not</u> <u>possibly</u> <u>recover</u> against the party whose joinder is questioned.") (emphasis in original). Indeed, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." <u>Grancare</u>, 889 F.3d at 548 (internal quotation marks omitted).

Here, defendants contend that Kieswetter was fraudulently joined because he cannot be liable to plaintiff for violation of California Labor Code § 1102.5. (<u>See</u> Dkt. 1, NOR at 13(c)). Specifically, defendants contend that whistleblower retaliation claims under § 1102.5 "can only be made against an employer." (<u>Id.</u>) (emphasis omitted). However, given the statute's language providing that "[a]n employer, or any person acting on behalf of the employer" may be liable for violations of the statute, Cal. Lab. Code § 1102.5(a), and that as defendants concede, there are no "published California state court opinions addressing individual liability" under § 1102.5, (<u>see</u> Dkt. 1, NOR at ¶ 13(d)), the court declines to conclude at this juncture that there can be no individual liability for violations of § 1102.5. The court will not "divine how the California courts would handle the question of individual liability [under § 1102.5], even if the great weight of the case law considering other labor and discrimination provisions reserves liability for the employer." <u>See</u> <u>Thompson</u> <u>v.</u> <u>Genon</u> <u>Energy</u> <u>Services,</u> <u>LLC</u>, 2013 WL 968224, *4 (N.D. Cal. 2013) (declining to rule that certain statute does not impose individual liability and remanding case to state court); <u>see</u> <u>also</u> <u>Fernandez</u> <u>v.</u> <u>Big</u> <u>Lots</u> <u>Stores,</u> <u>Inc.</u>, 2014 WL 3418112, *3-4 (C.D. Cal. 2014) (applying <u>Thompson</u>'s reasoning to individual liability under California Labor Code § 98.6 and remanding case). "While the policy arguments in the California cases may be powerful, relevant – even persuasive – it clearly would be inappropriate for this court in the context of a motion for remand to examine California public policy and determine whether California courts would be willing to apply these arguments in ways in which they have not yet done so." <u>Thompson</u>, 2013 WL 968224, at *5 (internal quotation marks omitted); <u>see</u> <u>also</u> <u>De La Torre v. Progress Rail Services Corporation</u>, 2015 WL 4607730, *4 (C.D. Cal. 2015) (rejecting fraudulent joinder argument as to § 1102.5 and remanding action).

In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action, <u>see</u> <u>Gaus</u>, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."), the court is not persuaded, under the circumstances here, that defendants have met their heavy burden of establishing that Kieswetter was fraudulently joined. <u>See</u> <u>Grancare</u>, 889 F.3d at 548 ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden since there is a general presumption against [finding] fraudulent joinder." ) (internal quotation marks omitted); <u>see</u> <u>also</u> <u>Hamilton Materials, Inc.</u>, 494 F.3d at 1206 ("Fraudulent joinder must be proven by clear and convincing evidence."). Accordingly, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS - 6

| Case No. | **CV 21-4051 FMO (AFMx)** | Date | **June 4, 2021** |
|---|---|---|---|
| Title | **Bonnie Summer v. Meridian Senior Living, LLC, et al.** | | |

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Ventura, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

00 : 00

Initials of Preparer vdr